RONALD ADY (USB 3694)
RONALD ADY, PLLC
8 East Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSH WORTHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>FOREST RIVER, INC., a corporation, and DEFENDANT DOES I through XV,<br><br>    Defendants. | **COMPLAINT**<br><br>(Jury Trial)<br><br>**Case No. 2:19-cv-00584 PMW**<br><br>**Magistrate Judge** Paul Warner |

Plaintiff Josh Worthington complains against Defendants, as follows.

I.  **PRELIMINARY STATEMENT**

1.     Plaintiff brings the within action to recover sums he paid for a recreational vehicle, a trailer, manufactured by the Defendant Forest River, Inc. which was out of use some 260 days during the first year of ownership due to defects in its manufacture by the Defendant, and the Defendant's grievously inadequate warranty servicing performance. Largely unable to use his "new" trailer for its intended

recreational purpose because of the defects in its manufacture, Plaintiff has lost faith in the trailer.

II. **JURISDICTION AND RELATIONSHIP OF THE PARTIES**

2. Plaintiff seeks relief pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310, and statutory claims under Article 2 of the Uniform Commercial Code.

3. The Court has jurisdiction pursuant to l5 U.S.C. § 2310; 28 U.S.C. § l33l, 28 U.S.C. § l332, and § 1367.

4. Plaintiff is a natural person who resides in the State of Utah.

5. Plaintiff is a consumer within the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3), that is, the trailer was purchased and used for personal, family, and household purposes as a recreational vehicle for family outings.

6. Forest River, Inc. is an Indiana corporation which does business in the State of Utah through a network of authorized dealers (but is not registered to do business in this state) has as its principal place of business in Elkhart, Indiana, and has as its registered agent Joseph Greenlee, 900 County Road 1, Elkhart IN 46514.

7. This Court has jurisdiction over this action under 28 U.S.C. § 1332, in that the Plaintiff is a citizen of the State of Utah, the Defendant Forest River, Inc. is as citizen of the State of Indiana, and the amount in controversy exceeds $75,000.00.

8. The Defendant Forest River, Inc. is a supplier under the Magnuson-Moss

Warranty Act, 15 U.S.C. § 2301(4).

9. Defendant Does I through XV are persons employed by or representing the Defendant Forest River, Inc., who oversaw and had control of the warranty claims made by purchasers of Forest River, Inc.'s recreational vehicles (RV's), including the Plaintiff's XLR Toyhauler which is the subject of the within action, and, in particular, who administered or supervised the warranty claims of the Plaintiff in this action. At all times material to the Plaintiff's claims the Defendant Does I through XV were acting for and representing, and had authority to act for and represent, the Defendant Forest River, Inc.

10. Within the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4) each of the Defendant Does I-XV is a supplier in a consumer transaction with the Plaintiff.

### ACTUAL AUTHORITY OF THE DEFENDANT FOREST RIVER, INC'S AUTHORIZED DEALERS

11. On information and belief, the Defendant Forest River, Inc. exercised control over the warranty sales activities of it authorized dealer, Indy RV, to consumers, including the Plaintiff, by training Indy RV in Forest River, Inc. warranty sales; in providing policies, procedures and protocols for those warranty sales; in requiring Indy RV's pre-sale warranty inspection of new Forest River Inc. RV's; in requiring Indy RV's use of pre-sale inspection forms provided by Forest River, Inc.; in having Indy RV register warranties with Forest River, Inc., for new RV's sold by Indy RV.

12. As well, on information and belief, the warranty sales operations of the

Defendant Forest River, Inc. and its authorized dealers, including Indy RV, are so closely connected in the performance of warranty sales and the servicing of those warranties for new Forest River, Inc. RV's, as to form a common enterprise. In particular, Plaintiff believes that after opportunity for further investigation and discovery he will be able to show that the Defendant Forest River, Inc.:

    i.  shares a common warranty database with its authorized dealers;

    ii.  has comprehensive contractual agreements with its authorized dealers for their performance of warranty service on Forest River, Inc. RV's;

    iii.  uses the authorized dealer's employees to perform that warranty service;

    iv.  communicates with, directs and instructs its authorized dealers in performing warranty repairs;

    v.  is in frequent communication with each of its authorized dealers regarding warranty repairs they each perform, regarding standards for those repairs, regarding the scheduling of warranty repairs, regarding the policies, procedures and protocols for those warranty repairs;

    vi.  administers the terms for remuneration of its authorized dealer for those warranty repairs;

    vii.  determines eligibility of a consumer's Forest River, Inc. RV for

warranty repairs;

and Plaintiff will be able to show that during the performance of warranty repairs on the Plaintiff's trailer the Defendant Forest River, Inc. was in frequent communication with the authorized dealers performing those warranty repairs, and administered in detail the authorized dealers' performance of those warranty repairs.

13. In undertaking to engage in selling warranties and performing warranty repairs on behalf of the Defendant Forest River, Inc., Indy RV, and the other Forest River, Inc. authorized dealers performing warranty repairs on the Plaintiff's trailer, their officers and employees, consented to acting as agents of the Defendant Forest River, Inc. subject to its control in the sale of a warranty to the Plaintiff for the trailer, or subject to its control in the performance of warranty service on the Plaintiff's trailer.

14. Further, at all times material to the Plaintiff's claims the Defendant Forest River, Inc. granted to Indy RV an express power to sell warranties to consumers purchasing new Forest River, Inc. RV's from Indy RV; and Forest River, Inc. granted Indy RV and the other authorized dealers performing warranty service on the Plaintiff's trailer an express power to perform warranty service for Forest River, Inc. RV's, including the trailer sold to the Plaintiff, and Indy RV and the other authorized dealers, accepted and consented to act under the powers thus granted.

15. The acts and omissions of the Defendant Forest River, Inc., Indy RV, and the other Forest River, Inc. authorized dealers, in selling a warranty to the Plaintiff or in

performing warranty repairs on the Plaintiff's trailer (and their officers, employees, and agents) or in communicating with the Plaintiff as described within this Complaint, were committed within the time and space limits of their agency relationship with the Defendant Forest River, Inc.

16. At all times material to the Plaintiff's claims, the acts and omissions of the Defendant Forest River, Inc., Indy RV, the other Forest River, Inc. authorized dealers performing warranty repairs on the Plaintiff's trailer (and their officers, employees, and agents) were incidental to, or of the same general nature as, the responsibilities these agents or sub-agents were authorized to perform by Forest River, Inc. in selling its warranties or in performing warranty repairs, including the sale of the warranty for the Plaintiff's trailer and the performance of warranty repairs on it.

17. By committing the acts and omissions against Plaintiff pled in this complaint in selling a warranty for the trailer to the Plaintiff or in performing warranty repairs on the Plaintiff's trailer, Indy RV and the other Forest River, Inc. authorized dealers providing warranty repairs to that trailer, their officers, employees, and agents, were motivated to benefit their principal, the Defendant Forest River, Inc. in the sale of its warranties, the performance of those warranties, and in the sale of its new RV's.

18. Accordingly, the Defendant Forest River, Inc. is liable to Plaintiff for the acts, errors, and omissions performed by Indy RV and the other Forest River, Inc. authorized dealers, their officers, employees, and agents, in violation of federal and state law, in selling Plaintiff a Forest River, Inc. warranty or in performing warranty repairs on the

Plaintiff's trailer.

### III. FACTS COMMON TO ALL COUNTS

19. Plaintiff incorporates and re-pleads the allegations stated above.

20. On May 25, 2018 Plaintiff purchased from Indy Auto Center Inc., dba Indy RV in St. George, Utah for $89,690.83, including fees and taxes, a new 2018 XLR Toy Hauler, VIN No. 4X4FXLK29JF164297, Serial No. XLF164297 ("trailer") manufactured by the Defendant Forest River, Inc. .

21. As part of Plaintiff's purchase of the trailer the Defendant Forest River, Inc. issued to Plaintiff an express written warranty for the trailer and components.

22. Subsequent to Plaintiff's purchase of the trailer, it exhibited numerous defects in materials, functionality and workmanship that substantially impair the trailer's use and value.

23. Plaintiff timely delivered the trailer to Forest River Inc.'s authorized repair facilities to have the repairs remedied.

24. In the first year of Plaintiff's ownership of the trailer, it was in a Forest River, Inc. authorized repair facilities some 260 days for warranty repairs.

25. Despite providing the Defendant Forest River, Inc. a reasonable opportunity to cure the defects in the trailer, it has not done so.

26. Presently, the trailer remains defective and Plaintiff has lost faith in the

trailer.

27.     On August 12, 2019 the Plaintiff notified Forest River, Inc. that he was revoking his acceptance of the trailer.

28.     On information and belief, at all times material to the Plaintiff's claims in this action, the Defendant Forest River, Inc. had a pattern and practice of failing to properly supply, train, or remunerate its authorized dealers for warranty repairs on Forest River, Inc. trailers, resulting in lengthy delays by those dealers in providing warranty service to owners of recreational vehicles purchased from the Defendant Forest River, Inc. by consumers, including the Plaintiff Josh Worthington.

## RIGHT TO JURY TRIAL

29.     Plaintiff claims the right to a jury trial under the 7th Amendment of the United States Constitution and pursuant to *Fed. R. Civ. P.* 38.

## III.   CLAIMS AGAINST THE DEFENDANT

### FIRST COUNT
### (Violations of the Magnuson-Moss Warranty Act)

30.     Plaintiff Josh Worthington re-alleges and incorporates the preceding paragraphs of his complaint as if specifically restated herein.

31.     The trailer is a "consumer product" as defined by 15 U.S.C. § 2301(1).

32.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301(3), having purchased the trailer and used it for recreational outings with his family.

33. The Defendant Forest River, Inc. is a "warrantor" as defined by 15 U.S.C. § 2301(5).

34. The Defendant Forest River, Inc.'s express written warranties are "written warranties" as defined by 15 U.S.C. § 2301(6).

35. The express warranties were part of the basis of the bargain as that term in used in the Uniform Commercial Code, and are presumed to be a part of the sales agreement between the Plaintiff and the Defendant Forest River, Inc.

36. The Defendant Forest River, Inc. violated the Magnuson-Moss Warranty Act by failing to conform the trailer to the express warranties within a reasonable number of attempts or a reasonable amount of time.

37. The Defendant Forest River, Inc. has failed to cure its failures to comply with the Act.

38. Prior to commencing this action, Plaintiff provided the Defendant Forest River, Inc. reasonable opportunities to cure the failures and comply with the Act.

39. Under 15 U.S.C. § 2310(d) Plaintiff is entitled to revocation, rescission and/or damages.

40. Plaintiff's revocation of his acceptance entitles him to recover from the Defendant Forest River, Inc. all amounts he paid for the trailer.

41. Alternatively, Plaintiff's claim for rescission entitles him to recover from the

Defendant Forest River, Inc. all amounts he paid for the trailer.

42. As a direct, immediate, and proximate result of the Defendant Forest River's violations of the Act, Plaintiff has sustained and continues to sustain damages which are presently in the approximate amount of $130,000.00.

43. As provided for by 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorney fees, costs and expenses reasonably incurred in connection with and for the prosecution of this action.

## SECOND COUNT
## (BREACH OF IMPLIED WARRANTY)

44. Plaintiff Josh Worthington re-alleges and incorporates the preceding paragraphs of his complaint as if specifically restated herein.

45. The Defendant Forest River, Inc. is a merchant in the trade of manufacturing and selling trailers of the same type as the Plaintiff's trailer.

46. The trailer was accompanied by the Defendant Forest River, Inc.'s U.C.C. § 2-314 state-law implied warranty of merchantability.

47. Under 15 U.S.C. § 2308(a) the Defendant Forest River, Inc. may not disclaim or modify that implied warranty of merchantability for the trailer.

48. The Defendant Forest River, Inc. breached the implied warranty of merchantability in that the trailer's defects, malfunctions and nonconformities make the trailer unfit for the ordinary purposes for which this model of trailer is used by a

consumer like the Plaintiff.

49. As well, the trailer's defects, malfunctions and nonconformities would not pass without objection in the trade, the Defendant Forest River, Inc. thereby breaching the implied warranty of merchantability for the trailer.

50. Under 15 U.S.C. § 2301(7), the Defendant Forest River, Inc.'s breaches of the state law U.C.C. § 2-314 implied warranty of merchantability were also breaches of the implied warranty of merchantability under the Magnuson-Moss Act.

51. Under 15 U.S.C. § 2310(d)(1) the Defendant Forest River, Inc.'s breaches of the implied warranty of merchantability for the trailer entitles Plaintiff to revocation of the sale, rescission of the sale, and/or damages.

52. As a direct, immediate, and proximate result of the Defendant Forest River's breaches of the implied warranty of merchantability, Plaintiff has sustained and continues to sustain damages which are presently in the approximate amount of $130,000.00.

53. As provided for by 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorney fees, costs and expenses reasonably incurred in connection with and for the prosecution of this action.

### THIRD COUNT
### (Breach of Express Warranty)

54. Plaintiff Josh Worthington re-alleges and incorporates the preceding paragraphs of his complaint as if specifically restated herein.

55. At all times material to the Plaintiff's claims in this action, prior to May 26, 2018 the Defendant Forest River, Inc. used media, professional publications and salespeople to promote the use and sale of the trailer and its components, and expressly warranted to members of the general public, including the Plaintiff Worthington, that the trailer and its component parts were free from latent defects or inherent risk of failure and were effective, proper and serviceable for their intended use.

56. The express warranties were part of the basis of the bargain as that term in used in the Uniform Commercial Code, and are presumed to be a part of the sales agreement between the Plaintiff and the Defendant Forest River, Inc.

57. Plaintiff relied upon the express warranty representations of the Defendant Forest River, Inc. in purchasing the trailer.

58. The Defendant Forest River, Inc. breached the warranties by selling trailers and components that did not conform to the promises contained in the warranties.

59. After Plaintiff incurred the damages complained of in this pleading due to the defective condition of the trailer, notice was repeatedly given by Plaintiff to the Defendant Forest River, Inc., and Plaintiff satisfied all terms of the contract and requirements, except as may be excused by misconduct by the Defendant Forest River, Inc.

60. With this complaint, Plaintiff provides the Defendant with further notice of the breaches describe in this pleading.

# FOURTH COUNT
## (Rescission for Material Breach of Contract or Mutual Mistake of Material Fact)

61. Plaintiff Josh Worthington re-alleges and incorporates the preceding paragraphs of his complaint as if specifically restated herein.

62. In purchasing the trailer the Plaintiff acted as a consumer as that term is used in Article 2 of the Uniform Commercial Code, meaning that at all times material to the Plaintiff's claims in this action the trailer was a consumer good.

63. Plaintiff's purchase of the Forest River, Inc. warranty was central to and a critical factor in his decision to purchase the trailer.

64. The Defendant Forest River, Inc.'s representations that the trailer's warranty would be timely and effectively honored were false and misleading, and so are a material misrepresentation of fact.

65. Plaintiff justifiably relied upon the Defendant Forest River, Inc.'s representation of this material fact as a result of which he agreed to purchase the trailer for $89,690.83, and in fact paid $89.690.83 cash for the trailer, thus sustaining the loss and damage set forth in this pleading.

66. At the least, there was a mutual mistake of material fact between the Plaintiff and the Defendant Forest River, Inc. on the basic assumption regarding the practical benefit of the warranty sold to the Plaintiff by Forest River, Inc., which was foundational to the Plaintiff's purchase of the warranty and the trailer.

67. If prior to purchasing the trailer and the warranty for it, Plaintiff had known that the warranty would require that the trailer be some 260 days out of service in the

first year of ownership, and that some of the defects in the trailer would still not be repaired he would not have purchased it.

68. The Defendant Forest River, Inc.'s material breach, or the parties' mutual mistake as to a material fact, as stated above entitles the Plaintiff to an order rescinding his purchase of the trailer and the warranty which was critical to its purchase, to an order requiring that the Defendant Forest River, Inc. to refund to Plaintiff all amounts he paid for the trailer, to an order denying Forest River, Inc. any allowance for Plaintiff's use of the trailer, and to an order for Plaintiff's incidental and consequential damages.

69. Additionally, the Defendant Forest River, Inc's breach of the implied covenant of good faith and fair dealing in materially breaching its warranty agreement with the Plaintiff entitles him to attorney fees as a consequential damage of that breach.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Josh Worthington respectfully demands judgment against the Defendant Forest River, Inc., as follows:

1. That his purchase of the trailer be adjudged revoked or rescinded.
2. For a judgment awarding him all amounts he paid for the trailer, plus interest as provided for by statute.
3. For incidental, consequential, and actual damages.
4. For reasonable attorney fees, costs and expenses as provided for by statute.
5. For such other and further relief as this Honorable Court may deem

appropriate in the circumstances.

DATED this 20th day of August, 2019.

    /S/Ronald Ady
RONALD ADY, PLLC
8 East Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax
adyr@80law.com
Attorney for the
Plaintiff Josh Worthington