RONALD ADY (USB 3694)
RONALD ADY, PLLC
8 East Broadway, Ste. 725
Salt Lake City, UT 84111
(801) 530-3122
(801) 746-3501 fax

Attorney for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| JOSH WORTHINGTON,<br><br>    Plaintiff,<br><br>        v.<br><br>FOREST RIVER, INC., a corporation, INDY AUTO CENTER, INC. dba INDY RV, and DEFENDANT DOES I through XV,<br><br>    Defendants. | **First Amended COMPLAINT**<br><br>(Jury Trial)<br><br><br>**Case No. 2:19-cv-00584 PMW**<br><br>**Magistrate Judge** Paul Warner |

---

Plaintiff Josh Worthington complains against Defendants, as follows.

I.    PRELIMINARY STATEMENT

1.    Plaintiff brings the within action to recover sums he paid for a recreational vehicle, a trailer, manufactured by the Defendant Forest River, Inc. which was out of use some 260 days during the first year of ownership due to defects in its manufacture by the Defendant Forest River, Inc., and that Defendant's grievously inadequate warranty servicing performance. Largely unable to use his "new" trailer for

its intended recreational purpose because of the defects in its manufacture, Plaintiff has lost faith in the trailer and prior to the expiration of the warranty period stopped making any use of the trailer.

## II.   JURISDICTION AND RELATIONSHIP OF THE PARTIES

2.     Plaintiff seeks relief pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310, and statutory claims under Article 2 of the Uniform Commercial Code.

3.     The Court has jurisdiction pursuant to l5 U.S.C. § 2310; 28 U.S.C. § l33l, and § 1367.

4.     Plaintiff is a natural person who resides in the State of Utah.

5.     Plaintiff is a consumer within the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3), that is, the trailer was purchased and used for personal, family, and household purposes as a recreational vehicle for family outings.

6.     Forest River, Inc. is an Indiana corporation, which does business in the State of Utah through a network of authorized dealers (but is not registered to do business in this state), has as its principal place of business in Elkhart, Indiana, and has as its registered agent Joseph Greenlee, 900 County Road 1, Elkhart IN 46514.

7.     Indy Auto Center, Inc. dba Indy RV is a Utah corporation (hereafter Indy RV) with its principal place of business at 1295 E. Redhills Parkway, St. George, Utah 84770, and which has as its registered agent Larry Cox of the same address..

8.     The Defendant Forest River, Inc. is a supplier under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4).

9.     Defendant Does I through X are persons employed by or representing the Defendant Forest River, Inc., who oversaw and had control of the warranty claims made by purchasers of Forest River, Inc.'s recreational vehicles (RV's), including the Plaintiff's XLR Toyhauler which is the subject of the within action, and, in particular, who administered or supervised the warranty claims of the Plaintiff in this action.  At all times material to the Plaintiff's claims the Defendant Does I through X were acting for and representing, and had authority to act for and represent, the Defendant Forest River, Inc.

10.     Defendant Does XI through XV are persons employed by or representing the Defendant Indy RV, who oversaw and had control of the sale of the Plaintiff's XLR Toyhauler, the warranty claims  made by purchasers of Forest River, Inc.'s recreational vehicles (RV's), including the Plaintiff's XLR Toyhauler (hereafter "the trailer") which is the subject of the within action, and, in particular, who administered or supervised warranty claims of Forest River, Inc. recreational vehicles administered through Indy RV.  At all times material to the Plaintiff's claims the Defendant Does XI through XV were acting for and representing, and had authority to act for and represent, the Defendant Indy RV.

11.     Within the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4) each of the

Defendant Does I-XV is a supplier in a consumer transaction with the Plaintiff.

### ACTUAL AUTHORITY OF THE DEFENDANT FOREST RIVER, INC'S AUTHORIZED DEALERS

12.    On information and belief, the Defendant Forest River, Inc. exercised control over the warranty sales activities of it authorized dealer, Indy RV, to consumers, including the Plaintiff, by training Indy RV in Forest River, Inc. warranty sales; in providing policies, procedures and protocols for those warranty sales; in requiring Indy RV's pre-sale warranty inspection of new Forest River Inc. RV's; in requiring Indy RV's use of pre-sale inspection forms provided by Forest River, Inc.; in having Indy RV register warranties with Forest River, Inc., for new RV's sold by Indy RV.

13.    As well, on information and belief, the warranty sales operations of the Defendant Forest River, Inc. and its authorized dealers, including Indy RV, are so closely connected in the performance of warranty sales and the servicing of those warranties for new Forest River, Inc. RV's, as to form a common enterprise. In particular, Plaintiff believes that after opportunity for further investigation and discovery he will be able to show that the Defendant Forest River, Inc.:

> i.  shares a common warranty database with its authorized dealers;

> ii.    has comprehensive contractual agreements with its authorized dealers for their performance of warranty service on Forest River, Inc. RV's;

> iii.    uses the authorized dealer's employees to perform that warranty service;

iv.    communicates with, directs and instructs its authorized dealers in performing warranty repairs;

v.    is in frequent communication with each of its authorized dealers regarding warranty repairs they each perform, regarding standards for those repairs, regarding the scheduling of warranty repairs, regarding the policies, procedures and protocols for those warranty repairs;

vi.    administers the terms for remuneration of its authorized dealer for those warranty repairs;

vii.    determines eligibility of a consumer's Forest River, Inc. RV for warranty repairs;

and Plaintiff will be able to show that during the performance of warranty repairs on the Plaintiff's trailer the Defendant Forest River, Inc. was in frequent communication with the authorized dealers performing those warranty repairs, and administered in detail the authorized dealers' performance of those warranty repairs.

14.    In undertaking to engage in selling warranties and performing warranty repairs on behalf of the Defendant Forest River, Inc., Indy RV, and the other Forest River, Inc. authorized dealers performing warranty repairs on the Plaintiff's trailer, their officers and employees, consented to acting as agents of the Defendant Forest River, Inc. subject to its control in the sale of a warranty to the Plaintiff for the trailer, or subject to its control in the performance of warranty service on the Plaintiff's trailer.

15.    Further, at all times material to the Plaintiff's claims the Defendant Forest River, Inc. granted to Indy RV an express power to sell warranties to consumers purchasing new Forest River, Inc. RV's from Indy RV; and Forest River, Inc. granted Indy RV and the other authorized dealers performing warranty service on the Plaintiff's trailer an express power to perform warranty service for Forest River, Inc. RV's,  including the trailer sold to the Plaintiff, and Indy RV and the other authorized dealers, accepted and consented to act under the powers thus granted.

16.    The acts and omissions of the Defendant Forest River, Inc., Indy RV, and the other Forest River, Inc. authorized dealers, in selling a warranty to the Plaintiff or in performing warranty repairs on the Plaintiff's trailer (and their officers, employees, and agents) or in communicating with the Plaintiff as described within this Complaint, were committed within the time and space limits of their agency relationship with the Defendant Forest River, Inc.

17.    At all times material to the Plaintiff's claims, the acts and omissions of the Defendant Forest River, Inc.,  Indy RV, the other Forest River, Inc. authorized dealers performing warranty repairs on the Plaintiff's trailer (and their officers, employees, and agents) were incidental to, or of the same general nature as, the responsibilities these agents or sub-agents were authorized to perform by Forest River, Inc. in selling its warranties or in performing warranty repairs, including the sale of the warranty for the Plaintiff's trailer and the performance of warranty repairs on it.

18.    By committing the acts and omissions against Plaintiff pled in this complaint

in selling a warranty for the trailer to the Plaintiff or in performing warranty repairs on the Plaintiff's trailer, Indy RV and the other Forest River, Inc. authorized dealers providing warranty repairs to that trailer, their officers, employees, and agents, were motivated to benefit their principal, the Defendant Forest River, Inc. in the sale of its warranties, the performance of those warranties, and in the sale of its new RV's.

19.     Accordingly, the Defendant Forest River, Inc. is liable to Plaintiff for the acts, errors, and omissions performed by Indy RV and the other Forest River, Inc. authorized dealers, their officers, employees, and agents, in violation of federal and state law, in selling Plaintiff a Forest River, Inc. warranty or in performing warranty repairs on the Plaintiff's trailer.

## III.   FACTS COMMON TO ALL COUNTS

20.     Plaintiff incorporates and re-pleads the allegations stated above.

21.     On May 25, 2018 Plaintiff purchased from Indy RV in St. George, Utah for $89,690.83, including fees and taxes, a new 2018 XLR Toy Hauler, VIN No. 4X4FXLK29JF164297, Serial No. XLF164297 ("trailer") manufactured by the Defendant Forest River, Inc.

22.     As part of Plaintiff's purchase of the trailer the Defendant Forest River, Inc. issued to Plaintiff an express written warranty for the trailer and components.

23.     Subsequent to Plaintiff's purchase of the trailer, it exhibited numerous defects in materials, functionality and workmanship that substantially impair the

7

trailer's use and value.

24.    Plaintiff timely delivered the trailer to Forest River Inc.'s authorized repair facilities to have the repairs remedied.

25.    In the first year of Plaintiff's ownership of the trailer, it was in a Forest River, Inc. authorized repair facilities some 260 days for warranty repairs.

26.    Despite providing the Defendant Forest River, Inc. a reasonable opportunity to cure the defects in the trailer, it has not done so.

27.    Presently, the trailer remains defective and Plaintiff has lost faith in the trailer.

28.    On information and belief, at all times material to the Plaintiff's claims in this action, the Defendant Forest River, Inc. had a pattern and practice of failing to properly supply, train, or remunerate its authorized dealers for warranty repairs on Forest River, Inc. trailers, and of using these and other means to intentionally or knowingly delay for an unreasonable amount of time its performance of warranty repairs on Forest River, Inc. trailers, requested by the consumer owners of warranted trailers (including the Plaintiff Josh Worthington), resulting in unreasonably lengthy delays by its dealers in performing those warranty repairs, including without limitation Indy RV.

29.    Plaintiff could not be adequately compensated by monetary damages for the claims he makes in the within action for the injuries he has suffered or will suffer due to the Defendant Forest River, Inc's egregiously and grossly deficient performance of its

warranty obligations to him, because:

i.     the value of the lost recreational time with his wife, family and friends is incapable of measurement;

ii.     the loss of the Plaintiff's confidence in the reliability and usefulness of the trailer is incapable of measurement;

iii.     the future cost of repairs to the trailer and the future down time resulting from the Defendant Forest River Inc.'s egregiously deficient performance of its warranty obligations is incapable of measurement.

## RIGHT TO JURY TRIAL

30.    Plaintiff claims the right to a jury trial under the 7th Amendment of the United States Constitution and pursuant to *Fed. R. Civ. P.* 38.

## III.   CLAIMS AGAINST THE DEFENDANTS

### FIRST COUNT
### (Violations of the Magnuson-Moss Warranty Act)

31.    Plaintiff Josh Worthington re-alleges and incorporates the preceding paragraphs of his  complaint as if specifically restated herein.

32.    The trailer is a "consumer product" as defined by 15 U.S.C. § 2301(1).

33.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 2301(3), having purchased the trailer and used it for recreational outings with his family.

34.    The Defendant Forest River, Inc. is a "warrantor" as defined by 15 U.S.C. § 2301(5).

35.    The Defendant Forest River, Inc.'s express written warranties are "written warranties" as defined by 15 U.S.C. § 2301(6).

36.    The express warranties were part of the basis of the bargain as that term in used in the Uniform Commercial Code, and are presumed to be a part of the sales agreement between the Plaintiff and the Defendant Forest River, Inc.

37.    The Defendant Forest River, Inc. violated the Magnuson-Moss Warranty Act by failing to conform the trailer to the express warranties within a reasonable number of attempts or a reasonable amount of time.

38.    The Defendant Forest River, Inc. has failed to cure its failures to comply with the Act.

39.    Prior to commencing this action, Plaintiff provided the Defendant Forest River, Inc. reasonable opportunities to cure the failures and comply with the Act.

40.    Under 15 U.S.C. § 2310(d) Plaintiff is entitled to revocation, rescission and/or damages.

41.    Plaintiff's revocation of his acceptance entitles him to recover from the Defendant Forest River, Inc. all amounts he paid for the trailer.

42.    Alternatively, Plaintiff's claim for rescission entitles him to recover from the

Defendant Forest River, Inc. all amounts he paid for the trailer.

43.    As a direct, immediate, and proximate result of the Defendant Forest River's violations of the Act, Plaintiff has sustained and continues to sustain damages which are presently in the approximate amount of $130,000.00.

44.    As provided for by 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorney fees, costs and expenses reasonably incurred in connection with and for the prosecution of this action.

### SECOND COUNT
### (BREACH OF IMPLIED WARRANTY)

45.    Plaintiff Josh Worthington re-alleges and incorporates the preceding paragraphs of his  complaint as if specifically restated herein.

46.    The Defendant Forest River, Inc. is a merchant in the trade of manufacturing and selling trailers of the same type as the Plaintiff's trailer.

47.    The trailer was accompanied by the Defendant Forest River, Inc.'s U.C.C. § 2-314 state-law implied warranty of merchantability.

48.    Under 15 U.S.C. § 2308(a) the Defendant Forest River, Inc. may not disclaim or modify that implied warranty of merchantability for the trailer.

49.    The Defendant Forest River, Inc. breached the implied warranty of merchantability in that the trailer's defects, malfunctions and nonconformities make the trailer unfit for the ordinary purposes for which this model of trailer is used by a

consumer like the Plaintiff.

50.     As well, the trailer's defects, malfunctions and nonconformities would not pass without objection in the trade, the Defendant Forest River, Inc. thereby breaching the implied warranty of merchantability for the trailer.

51.     Under 15 U.S.C. § 2301(7), the Defendant Forest River, Inc.'s breaches of the state law U.C.C. § 2-314 implied warranty of merchantability were also breaches of the implied warranty of merchantability under the Magnuson-Moss Act.

52.     Under 15 U.S.C. § 2310(d)(1) the Defendant Forest River, Inc.'s breaches of the implied warranty of merchantability for the trailer entitles Plaintiff to revocation of the sale, rescission of the sale, and/or damages.

53.     As a direct, immediate, and proximate result of the Defendant Forest River's breaches of the implied warranty of merchantability, Plaintiff has sustained and continues to sustain damages which are presently in the approximate amount of $130,000.00.

54.     As provided for by 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to attorney fees, costs and expenses reasonably incurred in connection with and for the prosecution of this action.

### THIRD COUNT
### (Breach of Express Warranty)

55.     Plaintiff Josh Worthington re-alleges and incorporates the preceding

paragraphs of his complaint as if specifically restated herein.

56.     At all times material to the Plaintiff's claims in this action, prior to May 26, 2018 the Defendant Forest River, Inc. used media, professional publications and salespeople to promote the use and sale of the trailer and its components, and expressly warranted to members of the general public, including the Plaintiff Worthington, that the trailer and its component parts were free from latent defects or inherent risk of failure and were effective, proper and serviceable for their intended use.

57.     The express warranties were part of the basis of the bargain as that term in used in the Uniform Commercial Code, and are presumed to be a part of the sales agreement between the Plaintiff and the Defendant Forest River, Inc.

58.     Plaintiff relied upon the express warranty representations of the Defendant Forest River, Inc. in purchasing the trailer.

59.     The Defendant Forest River, Inc. breached the warranties by selling trailers and components that did not conform to the promises contained in the warranties.

60.     After Plaintiff incurred the damages complained of in this pleading due to the defective condition of the trailer, notice was repeatedly given by Plaintiff to the Defendant Forest River, Inc., and Plaintiff satisfied all terms of the contract and requirements, except as may be excused by misconduct by the Defendant Forest River, Inc.

61.    With this complaint, Plaintiff provides the Defendant Forest River, Inc. with notice of the breaches describe in this pleading.

### FOURTH COUNT
**(Rescission for Material Breach of Contract or Mutual Mistake of Material Fact)**

62.    Plaintiff Josh Worthington re-alleges and incorporates the preceding paragraphs of his  complaint as if specifically restated herein.

63.    In purchasing the trailer the Plaintiff acted as a consumer as that term is used in Article 2 of the Uniform Commercial Code, meaning that at all times material to the Plaintiff's claims in this action the trailer was a consumer good.

64.    Plaintiff's purchase of the Forest River, Inc. warranty was central to and a critical factor in his decision to purchase the trailer.

65.    The Defendant Forest River, Inc.'s representations that the trailer's warranty would be timely and effectively honored were false and misleading, and so are a material misrepresentation of fact.

66.    Plaintiff justifiably relied upon the Defendant Forest River, Inc.'s representation of this material fact as a result of which he agreed to purchase the trailer for $89,690.83, and in fact paid $89.690.83 cash for the trailer, thus sustaining the loss and damage set forth in this pleading.

67.    At the least, there was a mutual mistake of material fact between the Plaintiff and the Defendant Forest River, Inc. on the basic assumption regarding the practical

benefit of the warranty sold to the Plaintiff by Forest River, Inc., which was foundational to the Plaintiff's purchase of the warranty and the trailer.

68.   If prior to purchasing the trailer and the warranty for it, Plaintiff had known that the warranty would require that the trailer be some 260 days out of service in the first year of ownership, and that some of the defects in the trailer would still not be repaired he would not have purchased it.

69.   The Defendant Forest River, Inc.'s material breach, or the parties' mutual mistake as to a material fact, as stated above  entitles the Plaintiff to an order rescinding his purchase of the trailer and the warranty which was critical to its purchase,  to an order requiring that the Defendant Forest River, Inc.  to  refund to Plaintiff all amounts he paid for the trailer, to an order denying Forest River, Inc. any allowance for Plaintiff's use of the trailer, and to an order for Plaintiff's incidental and consequential damages.

70.   Additionally, the Defendant Forest River, Inc's breach of the implied covenant of good faith and fair dealing in materially breaching its warranty agreement with the Plaintiff entitles him to attorney fees as a consequential damage of that breach.

71.   With this complaint, Plaintiff provides the Defendant Indy RV with notice of the breaches describe in this pleading.

**FIFTH COUNT**
**(Breach of Contract by Indy RV)**

72.    Plaintiff Josh Worthington re-alleges and incorporates the preceding paragraphs of his complaint as if specifically restated herein.

73.    Integral to and material to Indy RV's contract for the sale of the trailer to the Plaintiff was the express written one-year warranty provided by Forest River, Inc. for that trailer.

74.    Due to the anticipated cost of repairing defects in the trailer's workmanship and materials Plaintiff would not have purchased the trailer from Indy RV unless the Forest River, Inc. one-year express warranty product was included in and integral to his purchase of the trailer from Indy RV, making that Forest River, Inc. express warranty product a material term of his purchase agreement with the Defendant Indy RV.

75.    The Plaintiff bargained for and paid Indy RV for a Forest River, Inc. express warranty product which provided coverage as stated in the written terms of that express warranty product, that is, so that defects which occurred or were identified during the one-year term of that express warranty product would be properly and timely repaired within the warranty coverage period.

76.    In fact, at the time of that express warranty product to the Plaintiff, Forest River, Inc. had the pattern and practice of intentionally delaying warranty repairs

referred to in paragraph 28 above, and it continued that pattern and practice by unreasonably delaying the completion of warranty repairs Plaintiff requested for the trailer, so that the trailer was in for warranty repairs some 260 days of the Plaintiff's first year of ownership, thereby denying the Plaintiff warranty coverage promised for the trailer and denying Plaintiff the benefit and use of the trailer (hereafter the substantially deficient warranty).

77.    Based on the foregoing, the Forest River, Inc. express warranty product was substantially deficient at the time it was sold to the Plaintiff.

78.    In selling the Plaintiff this substantially deficient warranty product, the Defendant Indy RV breached its contract of sale with the Plaintiff.

## SIXTH COUNT
### (Mutual Mistake)

79.    Plaintiff Josh Worthington re-alleges and incorporates the preceding paragraphs of his  complaint as if specifically restated herein.

80.    At the time of the sale of the trailer to the Plaintiff,  the Plaintiff and the Defendant Indy RV both believed, as a matter of fact, that the Forest River, Inc. express warranty provided effective warranty coverage for the trailer Plaintiff was purchasing, and that mutual belief was a basic assumption of vital fact central to their bargain for Plaintiff's purchase of the trailer.

81.    The Defendant Indy RV and the Plaintiff were mutually mistaken about the

sufficiency of the Forest River, Inc. express warranty, which, in fact was a substantially deficient warranty as described in paragraph 76 above, thus entitling the Plaintiff to equitable rescission of his contract with the Defendant RV for purchase of that trailer.

### SEVENTH COUNT
### (Misrepresentation by non-disclosure by Indy RV)

82.   Plaintiff Josh Worthington re-alleges and incorporates the preceding paragraphs of his  complaint as if specifically restated herein.

83.   On information and belief, at the time of the consummation of the sale of the trailer by Indy RV to the Plaintiff, the Defendant Indy RV knew that the Defendant Forest River, Inc. had a longstanding practice of routinely imposing unreasonably lengthy delays in performing its warranty obligations on persons making claims on the Forest River, Inc. express warranties sold to persons purchasing Forest River, Inc. RV's from Indy RV.

84.    At all times material to the Plaintiff's claims in this action, the Defendant Indy RV was in a superior position to know of the warranty performance problems stated in the preceding paragraph.

85.   Plaintiff would not have purchased the trailer knowing that it had those warranty performance problems, meaning that those warranty performance problems went to the heart of the Plaintiff's bargain with Indy RV for its sale of the trailer to the Plaintiff.

86.   Indy RV failed to disclose those warranty performance problems prior to its sale of the trailer to the Plaintiff.

87.   The Defendant Indy RV's failure to timely disclose those warranty performance problems to the Plaintiff entitles him to equitable rescission of his purchase of the trailer from Indy RV.

## EIGHTH COUNT
### (UCSPA Claims Against Indy RV)

88.   Plaintiff Josh Worthington re-alleges and incorporates the preceding paragraphs of his  complaint as if specifically restated herein.

89.   Plaintiff purchased the trailer to engage in recreation with wife, children and friends, so that at all times material to the Plaintiff's claims he was a consumer within the meaning of the Utah Consumer Sales Practices Act (UCSPA) and his purchase of the trailer from Indy RV was a consumer transaction as defined in *Utah Code Ann*. § 13-11-3(2).

90.   Indy RV is in the business of selling recreational vehicles and trailers to consumers, so that at all times material to the Plaintiff's claims Indy RV was a supplier within the meaning of *Utah Code Ann*. § 13-11-3(6).

91.   During discussions leading up to Plaintiff's purchase of the trailer Indy RV assured the Plaintiff that he wouldn't have any problem getting warranty repairs under the Forest River, Inc. express warranty, that Forest River, Inc. was good to work with on warranty repairs and that any authorized Forest River, Inc. dealer could perform

any needed warranty repairs.

92.    By indicating to the Plaintiff that Indy RV was selling the Plaintiff a trailer covered by a Forest River, Inc. express warranty, that is, a warranty under which Forest River, Inc. would as a matter of good faith and fair dealing timely perform its warranty obligations, when in fact Forest River, Inc. routinely did not timely perform its warranty obligations to consumers for trailers it manufactured, Indy RV violated:

  i.    *Utah Code Ann.* § 13-11-4(2)(a) ("indicat[ing] that the subject of a consumer transaction has . . . uses, or benefits, if it has not . . . .").

  ii.    *Utah Code Ann.* § 13-11-4(2)(j)(i) ("indicat[ing] that a consumer transaction involves . . . a warranty . . . particular warranty terms, or other rights, remedies, or obligations, if the representation is false . . . .").

93.    For these violations of the UCSPA by Indy RV,  Plaintiff is entitled to the greater of his actual damages or $2,000.00 in statutory damages, declaratory and injunctive relief under the UCSPA, and reasonable attorney fees and costs.

### NINTH COUNT
### (UCSPA Claims Against Forest River, Inc.)

94.    Plaintiff Josh Worthington re-alleges and incorporates the preceding paragraphs of his  complaint as if specifically restated herein.

95.    Plaintiff purchased the trailer to engage in recreation with wife, children and friends, so that at all times material to the Plaintiff's claims he was a consumer within

the meaning of the Utah Consumer Sales Practices Act (UCSPA) and his purchase of the trailer from Indy RV was a consumer transaction as defined in *Utah Code Ann*. § 13-11-3(2).

96.    Forest River, Inc. is in the business of selling, through its network of authorized dealers (including Indy RV), recreational vehicles and trailers covered by express warranties to consumers, so that at all times material to the Plaintiff's claims Forest River, Inc. was a supplier within the meaning of *Utah Code Ann*. § 13-11-3(6).

97.    Included in the Forest River, Inc. express warranty it provided to the Plaintiff for the trailer he purchased from Indy RV was the implied covenant of good faith and fair dealing under which Forest River, Inc. was obligated to perform its warranty obligations to the Plaintiff within a reasonable time.

98.    In selling an express warranty for the trailer to the Plaintiff, through Indy RV, Forest River, Inc. indicated that  it would as a matter of good faith and fair dealing timely perform its warranty obligations, when in fact Forest River, Inc. knew at the time  that  that express warranty was sold to the Plaintiff that Forest River, Inc. routinely did not timely perform its warranty obligations for trailers it manufactured.

99.    Consequently, Forest River, Inc., prior to the consummation of the sale of that express warranty to the Plaintiff, violated:

i.    *Utah Code Ann*. § 13-11-4(2)(a) ("indicat[ing] that the subject of a consumer transaction has  . . . uses, or benefits, if it has not . . . .").

ii.    *Utah Code Ann*. § 13-11-4(2)(j)(i) ("indicat[ing] that a consumer

transaction involves . . . a warranty . . . particular warranty terms, or

other rights, remedies, or obligations, if the representation is false . . .

.").

100.  For these violations of the UCSPA by Forest River, Inc., Plaintiff is entitled to

the greater of his actual damages or $2,000.00 in statutory damages, declaratory and

injunctive relief under the UCSPA, and reasonable attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Josh Worthington respectfully demands judgment against

the Defendants, as follows:

1.    For an order awarding him restitution of the amounts he paid for the trailer,

and that his purchase of the trailer be adjudged revoked or rescinded.

2.    For a judgment awarding him all amounts he paid for the trailer, plus

interest as provided for by statute.

3.    For incidental, consequential, and actual damages and pre-judgment interest

as provided for by statute.

4.    For the greater of Plaintiff's actual damages or $2,000.00 in statutory

damages for each of the violations of the UCSPA by each of the Defendants.

5.    For a declaration under the UCSPA that the Defendant Forest River, Inc.'s

breach of its warranty obligations to the Plaintiff was part of Forest River Inc.'s routine

practice of unreasonably delaying performance of its warranty repair obligations to

purchasers of Forest River, Inc. recreational vehicles.

6.     For an injunction under the UCSPA requiring the Defendant Forest River, Inc. to, upon presentment of the trailer to any authorized Forest River, Inc. dealer in the Salt Lake Valley, disgorge to the Plaintiff all funds paid by him for the purchase of the trailer plus interest on the disgorged funds,  from the date of the sale of the trailer, at the statutory rate of 10% per annum.

7.     For an injunction under the UCSPA requiring the Defendant Indy RV to, upon presentment of the trailer to it at its St. George, Utah place of business, disgorge to the Plaintiff all funds it received from the Plaintiff for the purchase of the trailer, plus interest on those disgorged funds,  from the date of sale of the trailer, at the statutory rate of 10% per annum.

8.     For an award of punitive damages from the Defendant Forest River, Inc.

9.     For reasonable attorney fees, costs and expenses as provided for by statute.

10.    For such other and further relief as this Honorable Court may deem appropriate in the circumstances.

DATED this 20th day of August, 2019.

                       ___/S/Ronald Ady_____
                       RONALD ADY, PLLC
                       8 East Broadway, Ste. 725
                       Salt Lake City, UT 84111
                       (801) 530-3122
                       (801) 746-3501 fax
                       adyr@80law.com
                       Attorney for the
                       Plaintiff Josh Worthington